IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN RED CROSS BLOOD SERVICES, GREATER ALLEGHENIES REGION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, DISTRICT 13, )<br>)<br>Defendant/Counterclaimant, )<br>)<br>v. )<br>)<br>AMERICAN RED CROSS BLOOD SERVICES, GREATER ALLEGHENIES REGION, )<br>)<br>Counterclaim Defendant. ) | CIVIL ACTION NO. 3:10-234<br>JUDGE KIM R. GIBSON |

**MEMORANDUM AND ORDER OF COURT**

**I.   SYNOPSIS**

This matter comes before the Court on the Motion for Summary Judgment (Doc. No. 13) filed by Defendant/Counterclaimant Communications Workers of America, AFL-CIO, District 13 ("CWA"), to which Plaintiff/Counterclaim Defendant American Red Cross Blood Services, Greater Alleghenies Region ("Red Cross") filed no response. For the reasons that follow, the motion for summary judgment is **DENIED**.

**II.  JURISDICTION AND VENUE**

The Court has jurisdiction over both parties' claims pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Pennsylvania.

**III. BACKGROUND**

1

On September 10, 2010, Red Cross commenced the instant action by filing a Complaint to Vacate Arbitration Award requesting that this Court vacate an arbitration award pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. (Doc. No. 1). CWA filed its Answer on November 12, 2010, which included a "Counter-Claim Petition to Confirm and Enforce Arbitration Award," contending that this Court should: (1) confirm the arbitration award; (2) direct Red Cross to make its employees whole; and (3) award CWA costs and reasonable attorneys' fees. (Doc. No. 4). By Memorandum and Order dated January 5, 2011, the Court denied two motions for default judgment filed by CWA after concluding that Red Cross had both a litigable defense to the counterclaim and a reasonable explanation for its delayed response. (Doc. No. 9). After Red Cross filed its answer to the counterclaim, (Doc. No. 8), CWA moved for summary judgment on all claims and for attorneys' fees and costs. (Doc. Nos. 13, 19).

On April 14, 2011, Red Cross filed a "Motion to Dismiss Complaint to Vacate Arbitration Award" (Doc. No. 18), which the Court treated as a motion by Red Cross to withdraw its complaint. The Court granted the motion on August 29, 2011 and noted that: (1) CWA's counterclaim against Red Cross, motion for summary judgment, and motion for attorneys' fees remain active; and (2) the case remains open. (Doc. No. 26). The Court will presently consider CWA's motion for summary judgment; the motion for attorneys' fees will be the subject of a subsequent Memorandum and Order of Court.

## IV. STANDARD OF REVIEW

"Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007));

2

see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56 (a).[1] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those which will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248.

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (internal citations omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); see also *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" (internal quotation marks omitted)).

## V. DISCUSSION

CWA asserts that summary judgment should be entered in its favor on Red Cross's claim and that the Court should "confirm" and enforce the arbitration agreement. The Court will address each of these contentions in turn.

### A. Red Cross's Claim

---

[1] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

CWA first requests that the Court "enter judgment in its favor as a matter of law on all claims raised by [Red Cross][.]" (Doc. No. 17 at 2).[2] While Red Cross's complaint originally sought "an order vacating the Arbitration Award" (Doc. No. 1 at 4), the Court, as discussed supra, permitted Red Cross to withdraw its complaint on August 29, 2011. (See Doc. No. 26). Therefore, no claims by Red Cross remain upon which the Court could enter summary judgment in CWA's favor, and CWA's motion in this respect is **DENIED** as moot.

### B. Arbitration Agreement – Confirmation and Enforcement

Secondly, CWA requests that this court "confirm" and enforce the arbitration award. (Doc. No. 17 at 16; Doc. No. 4 at 8). CWA, however, provides no further discussion of—or any authority supporting—the propriety of this proposed course of conduct.[3] As the Third Circuit has explained, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, "codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution *without involving the courts*. In furtherance of this interest, a court must scrupulously honor the bargains implicit in such agreements and *interfere only when an award is severely problematic*." *Brentwood Med. Assoc. v. United Mine Workers of Am.*, 396 F.3d 237, 238-39 (3d Cir. 2005) (emphasis added) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 223 (1987)); see also *Consolidation Coal Co. v. Dist. 2, United Mine Workers of Am.*, 169 F. App'x 704, 705 (3d Cir.

---

[2] In fact, the vast majority of CWA's seventeen page brief in support of its motion for summary judgment is devoted to this issue. (See Doc. No. 17 at 1-16).

[3] The entirety of CWA's argument on this point follows: "In addition, [CWA's] cross-petition for confirmation should be granted and all affected employees should be made whole, as directed by the Arbitrator. *See Chamberlain Manuf. Co.*, 474 F.Supp.2d at 688 ('The arbitrator was employed by the parties to the collective bargaining agreement to resolve disputes about the meaning of the contract, and the arbitrator did just that here. In that sense, plaintiff seems merely to be asking for judicial review of the arbitrator's interpretation of the contract, a role we are not allowed to assume.')." (Doc. No. 17 at 16). The Court finds that *Chamberlain* provides no support for CWA's contention that the Court should affirmatively confirm or enforce an arbitration agreement. See generally *id.* (noting the very limited circumstances in which reviewing courts may "disturb" or "overturn" an arbitrator's decision, and ultimately declining to overturn the arbitrator's decision at issue). The actual language quoted by CWA, if anything, appears to contradict CWA's contention because the United States District Court for the Middle District of Pennsylvania noted the *im*propriety of judicial review of an arbitrator's decision.

4

2006) ("the refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements") (citing *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960)). Furthermore, "an award is presumed valid unless it is affirmatively shown to be otherwise," *Brentwood*, 396 F.3d at 241 (citations omitted), and once a court concludes that an "arbitrator's award draws it essence form a collective bargaining agreement, it is without jurisdiction to consider the award further." *Id.*

Presently, Red Cross's challenge to the validity of the arbitration award has been withdrawn, (see Doc. No. 26), and therefore the award is presumed valid. See *Brentwood*, 396 F.3d at 241. As a result, this case does not present one of the limited instances in which the Court should interfere with or disregard the determination of the parties' contractually-appointed arbitrator, and the Court need not further consider the arbitration award. The Court will, therefore, decline CWA's invitation to "confirm" or enforce the award and **DENY** CWA's motion for summary judgment in this respect.

## VI. CONCLUSION

The Court will not enter summary judgment in favor of CWA for claims which have been withdrawn by Red Cross. Similarly, the Court will not "confirm" or affirmatively enforce an arbitration award when no challenge to its validity remains. Therefore, CWA's Motion for Summary Judgment (Doc. No. 13) is **DENIED**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN RED CROSS BLOOD SERVICES, GREATER ALLEGHENIES REGION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:10-234 JUDGE KIM R. GIBSON |
| COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, DISTRICT 13, | ) ) ) ) | |
| Defendant/Counterclaimant, | ) ) | |
| v. | ) ) | |
| AMERICAN RED CROSS BLOOD SERVICES, GREATER ALLEGHENIES REGION, | ) ) ) | |
| Counterclaim Defendant. | ) | |

## ORDER

**AND NOW**, this 11th day of October, 2011, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment (Doc. No. 13) filed by Defendant/Counterclaimant Communications Workers of America, AFL-CIO, District 13 is **DENIED**.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**