**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN RED CROSS BLOOD SERVICES, GREATER ALLEGHENIES REGION, ) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10-234 |
| ) | JUDGE KIM R. GIBSON |
| COMMUNICATIONS WORKERS OF AMERICA, ) AFL-CIO, DISTRICT 13, ) | |
| ) | |
| Defendant/Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN RED CROSS BLOOD SERVICES, ) GREATER ALLEGHENIES REGION, ) | |
| ) | |
| Counterclaim Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

### I.   SYNOPSIS

This matter comes before the Court on the Motion for Counsel Fees and Costs (Doc. No.

19) filed by Defendant/Counterclaimant Communications Workers of America, AFL-CIO,

District 13 ("CWA"), which Plaintiff/Counterclaim Defendant American Red Cross Blood

Services, Greater Alleghenies Region ("Red Cross") opposes. For the reasons that follow, the

Court will **DENY** CWA's motion.

### II.   JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C.

§ 1391(b).

### III.   BACKGROUND

On September 10, 2010, Red Cross commenced the instant action by filing a Complaint

(Doc. No. 1) requesting that this Court vacate an arbitration award pursuant to section 301 of the

1

Labor Management Relations Act, 29 U.S.C. § 185. CWA filed its Answer on November 12, 2010 (Doc. No. 4), which included a "Counter-Claim Petition to Confirm and Enforce Arbitration Award," contending that this Court should: (1) confirm the arbitration award; (2) award CWA costs and reasonable attorneys' fees; (3) direct Red Cross to make its employees whole; and (4) grant such other relief as it deems appropriate. By Memorandum and Order dated January 5, 2011 (Doc. No. 9), the Court denied two motions for default judgment filed by CWA after concluding that Red Cross had both a litigable defense to the counterclaim and a reasonable explanation for its delayed response. After Red Cross filed its Answer to the counterclaim (Doc. No. 8), CWA moved for summary judgment on all claims[1] and for attorneys' fees and costs. (See Doc. Nos. 13 and 19).

On April 14, 2011, Red Cross filed a "Motion to Dismiss Complaint to Vacate Arbitration Award" (Doc. No. 18), which the Court treated as a motion by Red Cross to withdraw its complaint. The Court granted the motion on August 29, 2011 and noted that: (1) CWA's counterclaim against Red Cross, motion for summary judgment, and motion for attorneys' fees remain active; and (2) the case remains open. (See Doc. No. 26).

By Memorandum and Order of Court dated October 11, 2011 (Doc. No. 27), the Court denied CWA's motion for summary judgment. Specifically, the Court denied as moot CWA's request that the Court enter judgment in its favor as a matter of law on all claims raised by Red Cross because Red Cross withdrew those claims. (See *id.* at 4). Secondly, the Court denied CWA's request to confirm or enforce the arbitration award after concluding such interference

---

[1] CWA's filings were contradictory on this point. In particular, CWA's motion asked the Court to issue an order "granting Summary Judgment in its favor on *all claims raised in this action* and against [Red Cross][.]" (See Doc. No. 13 at 1) (emphasis added). CWA's brief in support of that motion, however, requested that the Court "enter judgment in its favor as a matter of law on *all claims raised by* [Red Cross][.]" (See Doc. No. 17 at 2) (emphasis added).

2

with the arbitration award was improper under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), and relevant Third Circuit precedent. (See *id.* at 4-5).

Presently before the Court is CWA's Motion for Counsel Fees and Costs (Doc. No. 19), which Red Cross opposes. The motion has been fully briefed, (see Doc. Nos. 20 and 25), and is now ripe for disposition.

## IV. LEGAL STANDARD

"[A]ttorney's fees in a suit to vacate an arbitration award may be granted if the party seeking vacatur acted without justification or had no 'reasonable chance to prevail[.]'" *Dauphin Precision Tool, LLC v. United Steel Workers of Am., Local Union 1688-13*, Civ. A. No. 1:06-CV-2262, 2008 U.S. Dist. LEXIS 39069, *1-2 (M.D. Pa. May 14, 2008) (citing *Chauffeurs, Teamsters, & Helpers Local Union No. 765 v. Stroehmann Bros.*, 625 F.2d 1092, 1094 (3d Cir. 1980); *Teamsters Local No. 764 v. J.H. Merritt & Co.*, 770 F.2d 40, 43 n.2 (3d Cir. 1985)); see also *Wilkes Barre Hosp. Co. v. Wyo. Valley Nurses Ass'n Pasnap*, Nos. 11-1134 & 11-1225, 2011 U.S. App. LEXIS 24036, *7-8 (3d Cir. 2011) (citations omitted). A party may justifiably challenge an arbitration award by presenting a colorable argument that the arbitrator unreasonably interpreted ambiguous contractual language. See *Dauphin Precision*, 2008 U.S. Dist. LEXIS 39069 at *2; *Total Warehouse Servs. Corp. v. Int'l Bhd. of Teamsters*, Local 830, Civ. A. No. 93-CV-6260, 1994 U.S. Dist. LEXIS 5610, *3 n.2 (E.D. Pa. May 2, 1994) (refusing to award attorney fees because "there [was] a legitimate argument as to whether the arbitrator properly followed the . . . agreement").

Furthermore, while each party normally must bear the burden of its own legal expenses—including attorney's fees—one of the narrow exceptions to this rule is a finding that the losing party litigated in bad faith, vexatiously, or for oppressive reasons. *Wilkes Barre Hosp.*, 2011 U.S.

App. LEXIS 24036 at *8 (quoting *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 305 (3d Cir. 1982)). In determining whether a party has brought an action for vacatur in bad faith, the Third Circuit has considered whether: (1) the party acted promptly to effect a vacation of an arbitration award, thus demonstrating the good faith belief in the arguments it advanced; (2) the party has a history of refusing to comply with arbitration awards; and (3) the party has presented a substantial legal issue. *Chamberlain Mfg. Co. v. Local Lodge No. 847 of the Int'l Ass'n of Machinists & Aero. Workers*, 474 F. Supp. 2d 682, 694 (M.D. Pa. 2007) (quoting *Mobil Oil*, 679 F.2d at 305); *Banner Metals v. United Steelworkers*, No. 91-1450, 1992 U.S. Dist. LEXIS 22199, *9-10 (M.D. Pa. June 18, 1992) (quoting same).

## V. DISCUSSION

CWA requests that this Court enter an order: (1) confirming the arbitration award; and (2) awarding CWA attorney's fees and costs related to this litigation. (See Doc. No. 19). The Court previously denied CWA's request to confirm the arbitration award, (see Doc. No. 27 at 4-5), and the Court will once again deny this request as improper under the FAA. Regarding the claim for attorney's fees and costs, CWA asserts that Red Cross challenged the arbitration award without justification and in bad faith. To support these contentions, CWA points to Red Cross's allegedly delaying tactics,[2] and the fact that Red Cross ultimately withdrew its complaint. (See Doc. No. 20 at 6-7). Despite these contentions, the Court will decline to award CWA attorney's fees and costs in this matter for the reasons stated below.

### A. Justification and Chance of Prevailing

---

[2] The Court previously addressed Red Cross's twenty-one day delay in filing its answer to CWA's counterclaim, denying CWA's motions for default judgment and noting that Red Cross "*did* provide a reasonable explanation" for the delay. (See Doc. No. 9 at 1-2) (emphasis in original). Similarly, Red Cross appropriately requested and received additional time to respond CWA's motion for summary judgment, and ultimately preserved judicial resources by withdrawing its own complaint instead of opposing CWA's motion. (See Doc. No. 18).

4

The Court finds that Red Cross had a reasonable chance of prevailing in this action and did not challenge the arbitration award without justification. See *Dauphin Precision*, 2008 U.S. Dist. LEXIS 39069 at *1-2. Red Cross filed this action to vacate the arbitration award claiming that the arbitrator's decision directly contravened the express language of the agreement he was charged with interpreting. Specifically, the agreement required Red Cross to provide a particular type of health plan to covered union employees "for a period of time through December 14, 2009[,]" and Red Cross sought to vacate the arbitrator's decision which concluded that Red Cross violated the agreement by modifying health plan coverage on January 1, 2010. (See Doc. No. 25 at 4). While this Court did not ultimately address the merits of Red Cross's claim, the Court notes that Red Cross did have a reasonable chance at prevailing in this action. Thus, Red Cross justifiably challenged the arbitrator's interpretation of the provision requiring it to provide health coverage, and filing such a challenge does not require Red Cross to reimburse CWA for costs and fees. See *Dauphin Precision*, 2008 U.S. Dist. LEXIS 39069 at *2; *Total Warehouse*, 1994 U.S. Dist. LEXIS 5610 at *3.

Additionally, the Court will not penalize Red Cross for ultimately withdrawing its complaint in this action. While CWA claims this decision indicates that Red Cross's action to vacate lacked merit from the beginning, the Court recognizes that myriad considerations—including expediting dispute resolution and avoiding the expenditure of further resources—factor into a party's decision to discontinue its own action. It would be improper, therefore, to consider Red Cross's actions an admission that its case lacked merit. Moreover, such a conclusion would discourage the "just, speedy, and inexpensive determination of every action and proceeding" envisioned by the Federal Rules of Civil Procedure. See FED. R. CIV. P. 1.

**B. Bad Faith**

5

Upon consideration of the three factors enumerated by the Third Circuit, see *Chamberlain*, 474 F. Supp. 2d at 694 (quoting *Mobil Oil*, 679 F.2d at 305), the Court also finds that Red Cross has not litigated in bad faith, vexatiously, or for oppressive reasons. With regards to the first factor, Red Cross demonstrated a good faith belief in its arguments by promptly acting to vacate the award; namely, by filing this action less than one month after the arbitration award was issued. (See Doc. No. 25 at 2). As to the second factor, CWA has presented no evidence to indicate that Red Cross has a history of failing to comply with arbitration awards. Finally, considering the third factor, the Court finds that Red Cross did present a substantial legal issue in this case: the propriety of the arbitrator's interpretation of the parties' agreement.

## VI.     CONCLUSION

For the above-stated reasons, the Court finds that Red Cross had a reasonable chance at prevailing in this action and did not file suit without justification. The Court also concludes that Red Cross has not litigated in bad faith, vexatiously, or for oppressive reasons. Accordingly, the Court will **DENY** CWA's Motion for Counsel Fees and Costs (Doc. No. 19).

Additionally, because all of the claims in this case have either been withdrawn or request relief which this Court will not grant,[3] the Court will direct the Clerk of Court to **CLOSE** this case. An appropriate order follows.

---

[3] As discussed above, Red Cross withdrew its complaint in this matter, leaving only CWA's "Counter-Claim Petition to Confirm and Enforce Arbitration Award" pending before this Court. Through its counterclaim, CWA requested that the Court award attorney's fees and costs, confirm the arbitration award, direct Red Cross to "make whole" Red Cross employees/CWA union members, and grant such other relief it deems just and proper. (Doc. No. 4 at 8). The Court has denied CWA's request for costs and fees, and by previous Memorandum and Order of Court, declined to confirm the arbitration award or otherwise interfere with the arbitration agreement as improper. (Doc. No. 27 at 4-5). Similarly, it would be improper for the Court to interfere with the arbitration award by directing Red Cross to "make whole" its employees or by granting any other relief.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN RED CROSS BLOOD SERVICES, GREATER ALLEGHENIES REGION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | CIVIL ACTION NO. 3:10-234 |
| ) | JUDGE KIM R. GIBSON |
| COMMUNICATIONS WORKERS OF AMERICA, ) AFL-CIO, DISTRICT 13, ) ) | |
| Defendant/Counterclaimant, ) ) | |
| v. ) ) | |
| AMERICAN RED CROSS BLOOD SERVICES, ) GREATER ALLEGHENIES REGION, ) ) | |
| Counterclaim Defendant. ) | |

**ORDER**

**AND NOW**, this 10th day of February 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that the Motion for Counsel Fees and Costs (Doc. No. 19) filed by Defendant/Counterclaimant Communications Workers of America, AFL-CIO, District 13 is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Courts shall **CLOSE** this case.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**